**Calvin Allen SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–88–00295–CR, 01–88–00296–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 1, 1988.

Alvis O.L. Rogers, Houston, for appellant.

John B. Holmes, Dist. Atty., Debbie Mantooth, Asst. Dist. Atty., Harris County, for appellee.

Before JACK SMITH, DUGGAN and DUNN, JJ.

## OPINION

JACK SMITH, Justice.

A jury found appellant guilty of forgery in both cause numbers 487,003 and 491,165, and assessed punishment at confinement for life, after finding the enhancement allegations to be true.

Appellant's second point contends that the trial court committed fundamental error in failing to charge the jury on the definition of the word "utter" as used in the charge.

Appellant did not object at the trial or request that the trial court include a definition of "utter"; consequently, he must demonstrate that the error is so egregious and created such harm that he has not received a fair and impartial trial. *Almanza v. State,* 686 S.W.2d 157, 172 (Tex.Crim.

App.1985) (op. on reh'g). Appellant asserts that he was harmed because "it allowed the jury to guess regarding the State's proof of an element of the offense."

The word "utter" is not defined by statute. Appellant was indicted for intent to defraud or harm another by forging a check, "which purported to be the act of another who did not authorize that act, by possessing it with the intent to *utter* it while knowing it was forged." *See* Tex.Penal Code Ann. sec. 32.21(a)(1)(C) (Vernon 1974). The jury charge stated:

> Also, forgery is committed by possessing a writing that is forged by altering, making, completing, executing, or authenticating any writing so that it purports to be the act of another who did not authorize that act, with intent to *utter* it in a manner as hereinbefore specified.
>
> The possession of a forged writing with intent to *pass* it to another, to constitute forgery, must be done with intent to defraud or harm another....

(Emphasis added.)

Although the charge indicates that "utter" is in a "manner hereinbefore specified," no definition appears in the charge. Tex.Penal Code Ann. sec. 32.21(a)(1)(B) describes forgery as "to issue, transfer, register the transfer, *pass*, publish, or otherwise *utter* a writing that is forged...." We hold that the term "utter," as used in the charge, is sufficiently explained by the word "pass," which appears in the following paragraph; therefore, when the charge is read as a whole, the jury was aware of its meaning within the context of the State's burden of proof.

Point of error two is overruled.

The remainder of the opinion is ordered not published. Tex.R.App.P. 90.

THE JUDGMENT IS AFFIRMED.